IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH GUZMAN,

        Plaintiff,

v.                                                                           Case No. 22-2229-JWB

X CALIBER CONTAINER, LLC,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on X Caliber Container, LLC's motion to dismiss. (Doc. 15.) The matter is fully briefed and ready for decision. (Docs. 17, 21.) For the reasons stated herein, Defendant's motion is GRANTED.

**I.    Facts and Procedural History**

Plaintiff alleges that on March 29, 2021, an overhead metal awning of a cargo container fell on Plaintiff while he was a contract worker for Well Health Management, LLC ("WHM") in Leawood Kansas. (Doc. 13 at 2–3.) The cargo container was owned by X Caliber Container, LLC ("X Caliber") and was allegedly "negligently created and maintained by" X Caliber. (*Id.*) The metal awning is alleged to have been dangerous and unstable. (*Id.* at 3.) Because of the awning's location, above where employees would stand, walk, and work, the awning was hazardous. (*Id.*) X Caliber actually knew about the hazardous condition of the awning. (*Id.*)

Plaintiff sustained injuries when the awning fell on him. Plaintiff alleges that punitive damages are appropriate because X Caliber authorized or ratified the willful or wanton conduct that caused his injuries. (*Id.* at 4.)

Plaintiff originally filed this lawsuit on June 16, 2022, against WHM and X Caliber. (Doc. 1.) At that time, the magistrate judge assigned to the case ordered Plaintiff to show cause why she should not recommend that this case be dismissed for lack of subject matter jurisdiction because the complaint did not allege facts that would establish diversity of citizenship. (Doc. 3.) Plaintiff failed to respond, and the magistrate judge recommended that the case be dismissed without prejudice. (Doc. 4.) Three days later, Plaintiff requested to file a late response to the court's order to show cause. (Doc. 5.) The magistrate judge permitted this late filing (Doc. 6), and ultimately withdrew her recommendation that the case be dismissed. (Doc. 12.) Plaintiff filed his amended complaint on August 10, 2022. (Doc. 13.)

Plaintiff filed an amended notice of voluntary dismissal on January 12, 2023, dismissing WHM from the case with prejudice. (Doc. 31.) Accordingly, X Caliber is the only remaining defendant. X Caliber filed this motion to dismiss for failure to state a claim on August 24, 2022. (Doc. 15.)

**II.     Standard**

To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Id.* Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at

679.  A plaintiff cannot simply put forth "labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**III.   Analysis**

X Caliber argues that Plaintiff has pleaded insufficient facts to show a plausible claim for relief.  (Doc. 15 at 7.)  X Caliber also argues that it is not clear on the face of Plaintiff's amended complaint what legal claim Plaintiff is raising against X Caliber.  (*Id.* at 10.)  Plaintiff responds that the amended complaint explicitly alleges negligence, and that Plaintiff has pleaded sufficient facts to survive a motion to dismiss.  (Doc. 18.)

The court agrees with X Caliber.  Plaintiff has not identified sufficient facts to show a plausible claim for relief against X Caliber.  To prevail on a claim of negligence, a plaintiff must show: "(1) a legal duty owed by the defendant to the plaintiff; (2) a breach of that legal duty; (3) the breach of that legal duty was the proximate cause of the plaintiff's injury; and (4) the plaintiff sustained damages."  *Jewett v. Miller*, 46 Kan. App. 2d 346, 350, 263 P.3d 188, 191 (2011).

Plaintiff has not alleged facts from which this court can infer that X Caliber owed a duty to Plaintiff and subsequently breached that duty.  Plaintiff has alleged that X Caliber "negligently created and maintained" the "dangerous and unstable awning."  (Doc. 13 at 3.)  Plaintiff also alleged that "Defendants knew or should have known of the hazardous condition," and that "Defendants had actual knowledge of the hazardous condition." (*Id.*)  Plaintiff goes on to allege that Defendant WHM "failed to remedy or otherwise take reasonable steps to protect its contract workers from the danger caused by the condition." (*Id.*)  Plaintiff does not allege that X Caliber failed to remedy the issue.

These are exactly the type of threadbare and conclusory allegations that *Twombly* and *Iqbal* guard against.  Plaintiff has provided essentially no facts as to what happened.  *Henderson v. Doe*,

Case No. 22-3013-SAC, 2022 WL 579251, at *2 (D. Kan. Feb. 25, 2022) (slip copy) (broad and conclusory statements insufficient to survive a motion to dismiss). Did the awning simply fall off the cargo container and fall on Plaintiff? Did anyone touch the awning, causing it to fall off? Had X Caliber attempted to remedy the alleged problem and then the awning fell off? Why does X Caliber, instead of another party, owe Plaintiff a duty? What, specifically, made the awning "dangerous," "unstable," and "hazardous"? The court is left to speculate as to what happened and who might be responsible. More importantly, the court cannot say that these facts raise a plausible showing of the elements of negligence.

This is insufficient and the court must grant X Caliber's motion to dismiss.

**IV.    Conclusion**

For the reasons stated herein, Defendant's motion (Doc. 15) is GRANTED.

IT IS SO ORDERED this 14th day of February, 2023.


                                                        _s/ John W. Broomes_
                                                        JOHN W. BROOMES
                                                        UNITED STATES DISTRICT JUDGE