IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH GUZMAN,

        Plaintiff,

v.                                                          Case No. 22-2229-JWB

X CALIBER CONTAINER, LLC,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's motion to amend the judgment and for leave to file a second amended complaint. (Doc. 34.) The matter is fully briefed and ready for decision. (Docs. 35, 36.) For the reasons stated herein, Plaintiff's motion is DENIED.

**I.    Facts and Procedural Background**

Plaintiff originally filed this lawsuit on June 16, 2022, against Well Health Labs, LLC and X Caliber Container, LLC ("X Caliber"). (Doc. 1.) At that time, the magistrate judge assigned to the case ordered Plaintiff to show cause why she should not recommend that this case be dismissed for lack of subject matter jurisdiction because the complaint did not allege facts that would establish diversity of citizenship. (Doc. 3.) Plaintiff failed to respond, and the magistrate judge recommended that the case be dismissed without prejudice. (Doc. 4.) Three days later, Plaintiff requested to file a late response to the court's order to show cause. (Doc. 5.) The magistrate judge permitted this late filing (Doc. 6), and ultimately withdrew her recommendation that the case be dismissed. (Doc. 12.) Plaintiff filed his amended complaint on August 10, 2022, substituting as a defendant Well Health Management, LLC ("WHM") instead of Well Health Labs, LLC. (Doc. 13.)

Plaintiff filed an amended notice of voluntary dismissal on January 12, 2023, dismissing WHM from the case with prejudice. (Doc. 31.) Accordingly, X Caliber is the only remaining defendant. X Caliber filed a motion to dismiss for failure to state a claim on August 24, 2022. (Doc. 15.) This court granted the motion on February 14, 2023 (Doc. 32), and judgment was entered the same day (Doc. 33).

Plaintiff now moves to amend the judgment to specify that the judgment is "without prejudice" and requests leave to file an amended complaint. (Doc. 34 at 1.) X Caliber opposes the motion. (Doc. 35.) Plaintiff notes in his reply in support of his motion that the statute of limitations has not yet run.[1] (Doc. 36 at 5.)

**II.     Standard**

A motion to reconsider a dispositive order must be asserted pursuant to Fed. R. Civ. P. 59(e) or 60. "Grounds which justify alteration or amendment under Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice." *Jenny Yoo Collection, Inc. v. Essense of Australia, Inc.*, No. 17-CV-2666-JAR-GEB, 2019 WL 2717167, *2 (D. Kan. June 28, 2019) (citing *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017)). A motion to reconsider a prior ruling "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Rezac Livestock Comm. Co., Inc. v. Pinnacle Bank*, No. 15-4958-DDC, 2019 WL 2613179, *9 (D. Kan. June 26, 2019) (quotation omitted). It is appropriate only "where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (quotation omitted).

---

[1] Under ordinary circumstances, the statute of limitations would run on this claim on March 29, 2023. However, because statutes of limitation were stayed during the COVID-19 pandemic, the statute of limitations here likely would be extended by approximately 18 days. This issue is not in front of the court and so accordingly, the court does not need to inquire what date the statute of limitations will run.

Courts have the authority under Rule 60 to grant relief from a final judgment for several specific reasons. The court has authority to make corrections based on "a mistake arising from oversight or omission." Fed. R. Civ. P. 60(a). The court also has more general authority to provide relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see also Johnson v. Spencer*, 950 F.3d 680, 702 (10th Cir. 2020). However, relief granted under this part of the rule "is extraordinary and reserved for exceptional circumstances." *Johnson*, 950 F.3d at 702 (quotation omitted).

Because Plaintiff has already filed a first amended complaint at the direction of Magistrate Judge Schwartz, and because his claim has already been dismissed, he must seek leave of the court to file a second amended complaint. Fed. R. Civ. P. 15(a)(2). But "once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (quotations and alterations omitted). Further, the presumption that the court should freely give leave to amend when justice so requires is reversed "where a plaintiff seeks to amend a complaint after judgment has been entered and a case has been dismissed." *Id.*

### III.     Analysis

In support of his motion, Plaintiff does not argue an intervening change of law or discovery of new evidence which was not previously available. Plaintiff seems to assert manifest injustice or clear error by arguing that Plaintiff, if allowed leave to amend, can assert a set of facts which would entitle him to relief. (Doc. 34 at 3–4.) X Caliber responds that Plaintiff has provided no evidence or argument which would support a claim for relief under the relevant standard. (Doc. 35 at 5.) Plaintiff replies that he has shown that the amendment would correct clear error and that the court committed clear error when it dismissed Plaintiff's claim. (Doc. 36 at 1–2.)

A motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Here, all Plaintiff has done in his motion to reconsider/amend is point to facts that he could have included in his complaint from the outset. Plaintiff does not endeavor to explain to the court why it would be clear error or manifestly unjust for the court to stand by its earlier ruling. Plaintiff does not explain why the facts were not asserted at an earlier time. In fact, Plaintiff notes in his reply that he stands by his first amended complaint, which this court found to be deficient, and the arguments he raised in opposing that motion to dismiss. (Doc. 36 at 1–2.)

The court is sympathetic to Plaintiff's position, but the court cannot now grant Plaintiff the relief he asks for when he has raised no basis which is sufficient to amend the judgment. Further, there is no presumption here that leave to amend should be freely given; the opposite presumption is true. Plaintiff amended his complaint once in light of jurisdictional questions and did not add these additional facts. Plaintiff could have requested leave to amend his complaint to expand on the allegations at any time in the approximately six months that X Caliber's motion to dismiss was pending and did not. Plaintiff could have even requested leave to amend his complaint in his response to X Caliber's motion to dismiss, in the event that the court found his allegations deficient, but yet he did not. And the court sees no reason to alter its judgment now.

### IV.    Conclusion

For the reasons stated herein, Plaintiff's motion (Doc. 34) is DENIED.

IT IS SO ORDERED this 14th day of March, 2023.

                                          ___s/ John W. Bromes_____  
                                          JOHN W. BROOMES  
                                          UNITED STATES DISTRICT JUDGE